IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00073-MSK-PAC

BRIAN ANDERSON,

    Plaintiff(s),

v.

WARDEN GARY GOLDER,

    Defendant(s).

---

ORDER

---

Patricia A. Coan, United States Magistrate Judge

    The matter before the court is plaintiff's Motion Requesting Ruling, filed September 30, 2005, and docketed as Document #69 on October 3, 2005.

    Plaintiff asks the court to rule on the second part of his Motion for Sanctions, filed September 14, 2005. In his Motion for Sanctions, plaintiff asked the court to sanction defense counsel for violating Fed.R.Civ.P. 30(D)(4) and Rule 3.3 of the Professional Rules of Conduct because defendant complied with this court's June 17, 2005 Order directing defendant to file a Response to the prisoner complaint filed on June 8, 2005. The court denied that request in a September 26, 2005 Order. However, plaintiff also argued in his September 14, 2005 Motion that defense counsel should be sanctioned for violating various civil discovery rules and Fed.R.Civ.P. 56(g) in defendant's response to plaintiff's Motion for Summary Judgment. The court inadvertently failed to rule on that portion of plaintiff's motion and plaintiff requests a ruling at this time.

1

Civil Action No. 05-cv-00073-MSK-PAC
November 14, 2005

Plaintiff complains about defendant's reliance on part of one of plaintiff's exhibits to argue that genuine issues of material fact remain on plaintiff's Eighth Amendment claim, in response to plaintiff's Motion for Summary Judgment. Specifically, defendant's response brief references two of the three documents plaintiff submitted to the court as Exhibit 7 in support of his June 8, 2005 Motion for Summary Judgment.[1]  *See* Defendant Golder's Response to Plaintiff's Motion for Summary Judgment, filed June 30, 2005, at 4, 6-9. Plaintiff argues that the document omitted by defendant, an affidavit by the plaintiff, establishes plaintiff's entitlement to summary judgment on his Eighth Amendment claim. Plaintiff asserts that defendant failed to cite Exhibit 7 in its entirety to prevent plaintiff from proving his right to judgment as a matter of law.

Plaintiff has failed to show that defendant's conduct violates civil discovery rules, Fed.R.Civ.P. 56(g), or any other applicable rule. In responding to the plaintiff's motion for summary judgment, defendant is entitled to focus the court's attention on any evidence that supports the defendant's position. Further, defendant pointed out to the court in his response brief that he was relying on documents submitted by plaintiff as part of plaintiff's Exhibit 7 filed on April 29, 2005. The court will review plaintiff's exhibits in their entirety in addressing plaintiff's Motion for Summary Judgment.  Accordingly, it is

**HEREBY ORDERED** that Plaintiff's Motion Requesting Ruling, filed September 30, 2005, and docketed as Document #69 on October 3, 2005, is **GRANTED**. It is

---

[1] Exhibit 7 is part of plaintiff's Additional Documents, filed on April 29, 2005, and incorporated by reference into plaintiff's Motion for Summary Judgment, filed June 8, 2005.

Civil Action No. 05-cv-00073-MSK-PAC
November 14, 2005

**FURTHER ORDERED** that Plaintiff's Motion for Sanctions, filed September 14, 2005, is **DENIED** for the reasons set forth in the court's September 26, 2005 Order and for the reasons stated herein.

Dated November 14, 2005.

                                                s/ Patricia A. Coan
                                                PATRICIA A. COAN
                                                United States Magistrate Judge