IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00073-MSK-PAC

BRIAN ANDERSON,

    Plaintiff,

v.

WARDEN GARY GOLDER,

    Defendant.

## ORDER DISMISSING CLAIMS, WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

THIS MATTER comes before the Court on the following matters:

(1)     the Defendant's motion to dismiss **(#31, #32)** the Plaintiff's claims, to which the Plaintiff responded **(#33, #36)** and the Defendant replied **(#41)**;

(2)     the Plaintiff's motion for summary judgment **(#42)** and supporting brief **(#33)**, to which the Defendant responded **(#47)** and the Plaintiff replied **(#50)**;

(3)     the Defendant's motion to strike **(#53)** the Plaintiff's reply **(#52)** to the response **(#48)** to the Second Amended Complaint, to which the Plaintiff responded **(#57)** and the Defendant replied **(#59)**;

(4)     the Defendant's motion to strike **(#54)** portions of the Plaintiff's reply **(#50)** in support of his motion for summary judgment **(#42)**, to which the Plaintiff responded **(#57)** and the Defendant replied **(#59)**;

(5)     the Plaintiff's motion **(#55)** seeking an order directing the Defendant to provide

      Exhibits C and D to the summary judgment response **(#47)**, to which the Defendant responded **(#61)**;

(6) the Plaintiff's appeal **(#68)** from the Magistrate Judge's ruling denying his motion for sanctions **(#65)**, to which the Defendant responded **(#70)**; and

(7) the Plaintiff's motion **(#91)** asking the Court to prohibit the news media from listening to his testimony, to which the Defendant responded **(#94)**.

Having considered these motions, responses, and replies, the Court finds and concludes as follows.

## I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Factual and Procedural Background

The Plaintiff, Brian Anderson, commenced this action pursuant to 42 U.S.C. § 1983. He is *pro se*. Therefore, the Court liberally construes his filings, but does not act as his advocate. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In Claim 1, Mr. Anderson alleges that he has been denied medical treatment of his post-traumatic stress disorder ("PTSD"), which he characterizes as a military injury, in violation of his Eighth Amendment rights. He contends that he asked Warden Golder to: (a) limit the number of cellmates assigned to him; (b) ensure that cellmates assigned to him have headphones and a night light so that they will not disturb him while watching television, listening to the radio, or reading after midnight; or (c) give him a single cell. He alleges, however, that Warden Golder has a policy that PTSD is not recognized as a psychological disorder warranting "any special provisions" such

as those mentioned.  He therefore claims that he has suffered brain damage.

In Claim 2, Mr. Anderson alleges that inmates who were not in the military have been treated differently.  He claims that five inmates (Ronald Goble, Jenkins, Baskerville, Evans and Scaffidi) have been given single cells because of psychological disorders.  The Court construes this as a claim that the Warden Golder has violated the Equal Protection Clause.

### III.  Issues Presented

The Court must determine whether: (1) to strike two replies filed by Mr. Anderson in connection with the pending dispositive motions; (2) to direct Warden Golder to produce Exhibits C and D to his summary judgment response; (3) to affirm the Magistrate Judge's decision denying Mr. Anderson's motion for sanctions; and (4) to dismiss Mr. Anderson's claims.

### IV.  Analysis

**A.  Motions to Strike**

Warden Golder moves **(#53)** to strike a reply **(#52)** filed by Mr. Anderson regarding what appeared to be a Second Amended Complaint.[1]  Warden Golder also moves **(#54)** to strike portions of the Plaintiff's summary judgment reply **(#50)**.  He contends that both replies violate Fed. R. Civ. P. 11 in that they contain "unfounded and improper" allegations.  He appears to object to the replies because they challenge the ethical conduct of defense counsel and the veracity of statements made in Warden Golder's filings.[2]

The Court denies both motions.  To the extent that Warden Golder seeks relief under Fed.

---

[1] Mr. Anderson clarifies in his reply that he filed no Second Amended Complaint.

[2] In his responses and replies to various motions, Warden Golder has also asked other documents to be stricken.  **(See #59, #60, #61)**.  Because a motion shall not be included in a response or reply, such requests are disregarded.  *See* D.C.COLO.LCivR 7.1(C).

R. Civ. P. 11, there is no indication that Warden Golder attempted to comply with it's safe harbor provisions. To the extent that the motions are asserted under Fed. R. Civ. P. 12(f), there is insufficient basis to strike either document.

Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Mr. Anderson's assertions of misconduct by defense counsel do not meet this standard. Although defense counsel may be offended by Mr. Anderson's assertions, this is not a basis for striking Mr. Anderson's filings. Within the context of this case, the Court does not judge whether defense counsel has violated any ethics rule. Therefore, the Court denies both motions to strike.

### B. Motion for Production of Exhibits

Mr. Anderson moves **(#55)** the Court for an order directing Warden Golder to produce Exhibits C and D to the summary judgment response **(#47)**. Because no Exhibits C or D were filed with or considered by the Court there is no need to produce them and the motion is therefore denied.

### C. Appeal from Order on Sanctions

Mr. Anderson appeals **(#68)** from the Magistrate Judge's Order **(#67)** denying his motion for sanctions **(#65)**. The Magistrate Judge subsequently issued another Order **(#72)** which again denied the motion for sanctions on additional grounds.

The Magistrate Judge's Orders denying the motion for sanctions were not clearly erroneous or contrary to law. Therefore, the appeal is denied.

### D. Motion to Dismiss

Warden Golder contends that Mr. Anderson's claims should be dismissed for failure to exhaust administrative remedies. The Prison Litigation Reform Act ("PLRA") of 1995, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion of administrative remedies under this statute is a mandatory prerequisite to suit, and accordingly, it must occur before the suit is filed. *See Porter v. Nussle,* 534 U.S. 516, 524 (2002).

The PLRA's exhaustion requirement is considered a "total exhaustion rule." *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1182 (10th Cir. 2004). This means that if a single claim is unexhausted, the Court must dismiss all claims, including any exhausted claims, without prejudice. *See id.* at 1189.

An inmate must affirmatively plead exhaustion in his complaint, or his claims may be dismissed under Fed. R. Civ. P. 12(b)(6). *See Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1209-10 (10th Cir. 2003), *cert. denied*, 125 S. Ct. 244 (2004). This requires the inmate to attach copies of his administrative dispositions to the complaint or, absent such documentation, to specifically describe the administrative proceedings and their outcome. *See id.* at 1210-11.

In both his Original and Amended Complaints, Mr. Anderson alleges that he has exhausted administrative remedies with respect to both of his claims. In support of this allegation, he attached several grievance materials to his Original Complaint. These show that Mr. Anderson exhausted administrative remedies with respect to his claim that he was denied medical treatment for PTSD in violation of the Eighth Amendment. However, he did not exhaust administrative

remedies regarding his equal protection claim. As a result, the Court must dismiss all of his claims, without prejudice. Consequently, Mr. Anderson's summary judgment motion and his motion to prohibit the news media from listening to his testimony are moot.

**IT IS THEREFORE ORDERED** that:

(1)　The Defendant's motions to strike **(#53, #54)** are **DENIED**.

(2)　The Plaintiff's motion **(#55)** for the production of Exhibits C and D is **DENIED**.

(3)　The Plaintiff's appeal **(#68)** is **DENIED**.

(3)　The Defendant's motion to dismiss **(#31)** is **GRANTED**. The Plaintiff's claims are **DISMISSED**, without prejudice.

(4)　The Plaintiff's motion for summary judgment **(#42)** is **DENIED**, as moot.

(5)　The Plaintiff's motion **(#91)** asking the Court to prohibit the news media from listening to his testimony is denied, as moot.

(6)　The Clerk of Court is directed to close this case.

Dated this 12th day of January, 2006

　　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　*Marcia S. Krieger*
　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Marcia S. Krieger
　　　　　　　　　　　　　　　　　United States District Judge