IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00073-MSK-PAC

BRIAN ANDERSON,

     Plaintiff,

v.

WARDEN GARY GOLDER,

     Defendant.

## ORDER DIRECTING MAGISTRATE JUDGE TO CONVENE SCHEDULING CONFERENCE, AND REINSTATING MOTIONS

THIS MATTER comes before the Court on a Mandate **(#130)** from the Tenth Circuit Court of Appeals. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiff commenced this action in January 2005. The Defendant moved to dismiss **(#31)** the claims asserted against him for a variety of reasons, including the failure to exhaust administrative remedies. The Defendant also argued that he was entitled to qualified immunity, and that the Plaintiff failed to state any claims for relief. The Plaintiff responded **(#33, #36)** to the Defendant's motion, and also filed a motion for summary judgment **(#42)**. The Magistrate Judge stayed all discovery pending a ruling on the motion to dismiss.

The Court issued an Order **(#99)** dismissing the Plaintiff's claims, without prejudice, for failure to exhaust administrative remedies. The Court did not reach the remaining arguments in the motion to dismiss, and denied the Plaintiff's summary judgment motion, as moot. The

Plaintiff appealed. On appeal, the Tenth Circuit concluded that the Plaintiff exhausted his administrative remedies on his claims. It therefore reversed this Court's dismissal order and remanded the case for further proceedings. Thus, the only matter that has been determined in this case is that the Plaintiff's claims are not barred by 42 U.S.C. § 1997e(a).

The Plaintiff asks **(#108)** the Court to reinstate his previous summary judgment motion. The Defendant does not oppose the reinstatement of this motion, but asks for an opportunity to file a supplemental response in light of the fact that the motion was filed in 2005. The parties previously spent substantial time and effort preparing their respective dispositive motions, and responses to them. The Court agrees that it is proper to reinstate the motion for summary judgment. However, in order to restore the procedural posture of this case prior to dismissal, the Court is also compelled to reinstate the Defendant's motion to dismiss, to the extent it raises issues apart from the exhaustion of administrative remedies. Therefore, the Court reinstates those motions and all responses and replies thereto, but will give each side ten days in which to supplement their responses.

In view of the circumstances presented, the Court concludes that a new scheduling conference pursuant to Fed. R. Civ. P. 16 is necessary. The matter needs to be set for trial. Further, because the stay of discovery was linked to a ruling on the motion to dismiss, and that motion has now been reinstated, the Magistrate Judge should reconsider the propriety of any stay of discovery in light of *Rome v. Romero,* 225 F.R.D. 640 (D. Colo. 2004).

**IT IS THEREFORE ORDERED** that:

(1) The Plaintiff's Motion Requesting Independent Ruling Regarding Summary Judgement **(#128)** is **GRANTED.**

(2)  The Plaintiff's Motion for Summary Judgment **(#42)** and the Defendant's Motion to Dismiss **(#31)** are reinstated.  The parties may file supplemental responses or replies to these motions by February 9, 2007.

(3)  The Magistrate Judge is directed to convene a scheduling conference for purposes of issuing a new scheduling order and setting the matter for trial.

Dated this 30th day of January, 2007

                                            **BY THE COURT:**

                                            *Marcia S. Krieger*

                                            Marcia S. Krieger
                                            United States District Judge