IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00073-MSK-KLM

BRIAN ANDERSON,

    Plaintiff,

v.

WARDEN GARY GOLDER,

    Defendant.

---

## ORDER ON MOTIONS

---

THIS MATTER comes before the Court on several motions filed by the parties in this case:

(1)     The Defendant's motion to dismiss **(#31)**.
(2)     The Plaintiff's motion for summary judgment **(#42)**.
(3)     The Plaintiff's motion requesting a federal inquiry **(#145)**.
(4)     The Plaintiff's motion asking the Court to submit findings to the United States Attorney so that criminal charges may be asserted against Major Lloyd Waide **(#159)**.
(5)     The Plaintiff's motion "Verifying 1st Amendment Violation" **(#160)**.

Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Factual and Procedural Background

The Plaintiff, Brian Anderson, commenced this action pursuant to 42 U.S.C. § 1983 against Warden Gary Golder. Because he is *pro se*, the Court liberally construes his filings, but

does not act as his advocate. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Amended Complaint **(#13)** contains two claims for relief. In Claim 1, Mr. Anderson alleges that he has been denied medical treatment for his post-traumatic stress disorder ("PTSD") in violation of his Eighth Amendment rights, because he is a veteran.  In Claim 2, he alleges that inmates who were not in the military have been treated differently, in that they were given single cells for medical or psychological reasons.  Although Mr. Anderson makes no reference to the Equal Protection Clause, the Court construes Claim 2 as alleging a violation of the Equal Protection Clause.

Previously, the Court issued an Order **(#99)** dismissing Mr. Anderson's claims, and denying, as moot, Mr. Anderson's summary judgment motion.  The Court concluded that Mr. Anderson had not exhausted his equal protection claim, and then dismissed all claims, applying the now-defunct total exhaustion rule.  On appeal, the Tenth Circuit concluded that Mr. Anderson had exhausted his claims, then remanded the case for further proceedings.  Following remand, the Court reinstated Mr. Anderson's motion for summary judgment, but also reinstated the motion to dismiss because Mr. Golder had argued several other bases for dismissal.  The parties have supplemented their motions, which are now pending before this Court.  In addition, Mr. Anderson has filed several other motions which the Court addresses in this Order.

### III. Requests to Appoint Counsel

Throughout the course of this litigation, Mr. Anderson has made repeated requests for appointed counsel **(#7, #34, #88, #146, #166)**.  In the first such motion, Mr. Anderson stated that appointment of counsel was appropriate because he desired to assert claims on behalf of a class,

and the claims involved diverse and complex legal issues. In his second such motion, he contended that the testimony of various mental health and medical professionals employed by the Colorado Department of Corrections would be required to support his claims, but due to his incarceration, he was unable to interview them and, indeed, was prohibited from contacting them. The Magistrate Judge denied **(#44)** the first two motions, without prejudice, explaining only that a ruling on this issue "may be reviewed after the decision on the motion to dismiss."[1]

Mr. Anderson's third motion complained that he was unable to communicate with necessary witnesses, with whom he was prohibited from corresponding. Mr. Anderson's fourth motion sought the appointment of counsel because he was not able to obtain addresses of correctional staff, inmates, the Veteran's Administration ("VA") or VA staff, among others. Two different Magistrate Judges denied **(#92, #149)** the motions, without prejudice or explanation, stating that Mr. Anderson could renew his request for appointed counsel after a ruling on dispositive motions.

Mr. Anderson's fifth request for appointed counsel did not specify a reason for his request. The Magistrate Judge denied **(#169)** the motion after consideration of the factors set forth in *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995): "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." The Magistrate Judge wrote:

> In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief under various constitutional provisions. His filings to date indicate that he has a firm grasp of the facts and issues in this case, that he is capable of presenting the

---

[1] This ruling is summarized in a minute order, and does not specify whether the Magistrate Judge offered additional reasons for denial of either motion.

> case, and has presented his claims adequately. The legal issues,
> though varied, are not overly complex, novel, or difficult to state or
> analyze. In addition, the fact of Plaintiff's incarceration is more the
> norm than a special circumstance in this type of case before this
> court, and therefore, does not provide special circumstances to
> consider in determining whether to seek volunteer counsel.

The Court revisits the issue of appointment of counsel *sua sponte* for several reasons. First, the Court has had the opportunity to review the entire case file, including every document filed by Mr. Anderson in this case, and has the benefit of a broad perspective as to the course this litigation has taken. It is obvious from Mr. Anderson's various filings that although he asserts only two, limited claims in his Amended Complaint, he perceives this action to encompass far broader claims involving conduct by more than just a single individual.

Second, many of Mr. Anderson's requests for appointment of counsel demonstrate that he has been unable to communicate with prospective witnesses, and that this has been an ongoing obstacle for him since May 2005. Mr. Anderson complains that he is precluded by the prison from having contact with some of these possible witnesses, due to his incarcerated status. He raised this issue in several of his motions requesting appointed counsel, but the Magistrate Judges who denied such motions apparently determined that Mr. Anderson had no need to contact witnesses until after the Court ruled on dispositive motions, and denied the motions for counsel without application of the *Rucks v. Boergermann* factors.

Third, although Mr. Anderson succinctly stated claims for relief in his Amended Complaint, his responses **(#33, #36)** to the motion to dismiss are less well focused, address claims not asserted in this lawsuit against individuals who are not parties to this lawsuit, and rely on matters outside the pleadings. This suggests to the Court either that Mr. Anderson desires to add

new claims, or to supplement his existing claims with new allegations in order to save them from dismissal under Fed. R. Civ. P. 12(b)(6).

Fourth, Mr. Anderson's summary judgment motion **(#42)** also addresses claims not asserted in this action, is only one page in length, and incorporates by reference the brief **(#33)** which appeared to be filed in opposition to the motion to dismiss. Mr. Anderson has not identified, claim by claim, which party bears the burden of proof on each claim and what evidence supports each element of each claim.[2] Thus, as it is currently configured, the summary judgment motion is not amenable to a dispositive ruling. In addition, in his motion **(#128)** asking the Court to rule upon his summary judgment motion, Mr. Anderson appears to identify yet even more claims which have not been formally pled.

Finally, Mr. Anderson has filed additional motions which suggest that he has additional claims he desires to assert. In his Motion Requesting Federal Inquiry **(#145)**, he contends that prison officials are intentionally placing violent inmates in his cell with the intent to provoke him to harm those other inmates. In his two motions **(#159, #160)** asking the Court to submit findings with regard to Major Lloyd Waide to the United States Attorney, he complains that Major Waide made a false statement in conjunction with this case and should be criminally prosecuted. The Court declines to order the relief requested by these three motions, and denies them. However, because it appears that Mr. Anderson desires either to assert new claims, or to make additional allegations in support of his existing claims, the Court directs that he file a Second Amended Complaint which includes any and all claims which he desires to assert in this action. Thus, the

---

[2] He is apparently unfamiliar with the Court's Civil Practice Standards which specify the format for a summary judgment motion. The Court will therefore order that he be provided a copy of this document for future reference.

motion to dismiss **(#31)** and the motion for summary judgment **(#42)** are denied, without prejudice.

It appears that Mr. Anderson has viable claims to assert. He claims that he has been denied treatment for PTSD because he is a veteran, and that non-veteran inmates are provided such treatment. Although he has attempted to properly frame appropriate claims, they are not easily addressed by an incarcerated person representing himself. Appointment of counsel hopefully will sharpen the focus of the litigation.

The Court advises Mr. Anderson that the granting of his request for appointed counsel does not necessarily mean that an attorney will appear on his behalf in this case. In response to this Order, the Clerk of Court will contact eligible attorneys on its *pro bono* panel, and advise them that the Court has identified this case as one in which *pro bono* assistance might be appropriate. Each attorney on the panel will have the opportunity to review the docket in this matter to determine whether he or she desires to undertake representation. An attorney will have the opportunity to decide whether to accept or deny appointment in this case. Until and unless an attorney volunteers to appear as counsel for Mr. Anderson, he will continue represent himself in this case. However, because of the possibility that counsel may enter an appearance on Mr. Anderson's behalf, the Court will give him 60 days to file his Second Amended Complaint, so that it might be prepared by an attorney.

**IT IS THEREFORE ORDERED** that:

(1) The Defendant's motion to dismiss **(#31)** and the Plaintiff's motion for summary judgment **(#42)** are **DENIED**, without prejudice.

(2) The Plaintiff's motion requesting a federal inquiry **(#145),** the Plaintiff's motion

asking the Court to submit findings to the United States Attorney so that criminal charges may be asserted against Major Lloyd Waide **(#159),** and the Plaintiff's motion "Verifying 1st Amendment Violation" **(#160)** are **DENIED**.

(3)  The Clerk of Court shall canvass the *pro bono* panel to determine whether any qualified attorney is willing to accept appointment subject to the terms outlined above. If an attorney agrees to undertake volunteer representation or, if upon a canvassing the entire eligible panel, no attorney has expressed a willingness to accept appointment, the Clerk of Court shall promptly file and serve on all parties a notice to that effect. Unless and until a volunteer attorney is secured, Mr. Anderson remains personally obligated to comply with all procedures and deadlines established in this case.

(4)  Mr. Anderson shall have sixty (60) days from the date of this Order to file a Second Amended Complaint which encompasses <u>all</u> claims he intends to assert in this action.

(5)  The Clerk of Court shall mail to Mr. Anderson a copy of the Local Rules of Practice for the United States District Court for the District of Colorado, as well as a copy of the undersigned judge's Civil Practice Standards.

Dated this 18th day of September, 2007

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge