IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00073-PAB-KLM

BRIAN ANDERSON,

    Plaintiffs,

v.

KEVIN MILYARD, in his official capacity as Warden of the Sterling Correctional Facility, Colorado Department of Corrections,
ARISTEDES W. ZAVARAS, in his official capacity as Executive Director of the Colorado Department of Corrections, and
GARY GOLDER, in his individual capacity,

    Defendants.

_____

### ORDER GRANTING MOTION TO AMEND
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Add Additional Party Defendant and to File Third Amended Complaint** [Docket No. 204; Filed February 17, 2009] (the "Motion"). Pursuant to the Motion, Plaintiff seeks to add the former warden of Sterling Correctional Facility, Gary Golder, as a party and to assert an Eighth Amendment claim for damages against him in his individual capacity. The Motion was filed within the deadline set for amendment of pleadings [Docket No. 203]. Defendants filed a Response in opposition to the Motion on March 5, 2009 [Docket No. 206], and Plaintiff filed a Reply on March 17, 2009].

The Court should grant leave to amend a complaint "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the

nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Defendants argue that leave to amend would be futile because a warden cannot be held accountable for acts taken in reliance on medical reports. *Response* [#206] at 2-3; *see McCracken v. Jones*, 562 F.2d 22 (10th Cir. 1977). Plaintiff does not dispute this contention, but argues that "it is not at all clear what Mr. Golder may or may not have seen or relied upon in making his decisions pertinent to the damage claims Mr. Anderson seeks to assert against him." *Reply* [#208] at 2. Defendants also argue that they would be prejudiced by amendment because of the age of the case and the fact that Plaintiff seeks to file a third amended complaint. *Response* [#206] at 4. However, because the Motion was filed within the pleading amendment deadline, this conclusory statement without further substantiation is unpersuasive. Further I note that the discovery and dispositive motions deadlines have yet to expire.

As to Defendants' futility argument, an amendment is futile only if it would not survive a motion to dismiss. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in his complaint." *Id.*

IT IS HEREBY **ORDERED** the Motion is **GRANTED**. Although Defendants raise a persuasive futility argument, I find that at this stage of the proceedings it is not clear

2

whether Plaintiff's claim against Mr. Golder would be futile. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Therefore, the Court will allow Plaintiff to amend his complaint to add Mr. Golder as a Defendant, and will leave the question of whether he is entitled to relief against this Defendant to be decided on a fully briefed dispositive motion, if any.[1] Considering that leave to amend should be freely given, the Court finds that allowing amendment at this stage of the proceedings would be in the interest of justice.

IT IS FURTHER **ORDERED** that the Court accepts the Third Amended Complaint [Docket No. 204-2] for filing as of the date of this Order. The parties are directed to use the caption set forth above for all future pleadings.

IT IS FURTHER **ORDERED** that Plaintiff shall effect service of the Summons and Third Amended Complaint on Defendant Golder on or before **April 3, 2009**.

IT IS FURTHER **ORDERED** that Defendant Golder shall answer or otherwise respond within ten (10) days of service of the Third Amended Complaint, or a waiver thereof.

IT IS FURTHER **ORDERED** that all other Defendants shall answer or otherwise respond within ten (10) days of the date of this Order.

Dated: March 19, 2009

BY THE COURT:
 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix

---

[1] The Court expresses no opinion on the merits of such a motion.